**COMMONWEALTH GENERAL CORPORATION, Petitioner,**

v.

**William E. YORK as Independent Executor of the Estate of Marguerite York, Deceased, and James Roberson, Respondents.**

No. 04–0829.

Supreme Court of Texas.

Nov. 4, 2005.

Rehearing Denied Dec. 9, 2005.

J. David Brown, Houston, Joel Wilson Reese, Winstead Sechrest & Minick P.C., Dallas, Frank Weathered, Dunn, Weathered, Coffey, Rivera, Kasperitis & Rodriguez, P.C., Corpus Christi, for petitioner.

John P. Venzke, Tamera L. Venzke, Venzke Law Firm L.L.P., Houston, J.A. (Tony) Canales, Canales & Simonson, P.C., Corpus Christi, David H. Berg, Berg & Androphy, Houston, for respondent.

PER CURIAM.

In this case, the trial court denied nonresident defendant Commonwealth General Corporation's special appearance. The

court of appeals affirmed the denial on the basis of specific jurisdiction. 141 S.W.3d 840, 843. We conclude that there is no evidence to support the trial court's finding that the plaintiffs' causes of action arise from or relate to Commonwealth's contacts with Texas and that the court of appeals erred in affirming the denial on the basis of specific jurisdiction. We remand the case to the court of appeals for determination of whether general jurisdiction exists.

Marguerite York and James Roberson purchased accidental death and dismemberment (AD & D) insurance policies from J.C. Penney Life Insurance Company (JCP Life). They were each injured and were denied benefits under their policies.

On June 18, 2001, Commonwealth, a Delaware corporation headquartered in Kentucky, purchased all the stock of JCP Life, a Vermont corporation headquartered in Texas. On June 28, 2001, York and Roberson filed suit[1] against JCP Life and other entities as a result of their claims being denied. In July 2001, York and Roberson added Commonwealth as a defendant.

Commonwealth entered a special appearance, which the trial court denied. The court of appeals affirmed the denial on the basis that there was sufficient evidence to support the exercise of specific jurisdiction by the trial court. 141 S.W.3d at 848, 851.

■ In order for a court to exercise personal jurisdiction over a nonresident defendant, due process requires the defendant to have purposefully established such minimum contacts with the forum state that it could reasonably anticipate being sued in the courts of the state. *Nat'l*

1. The lawsuit was originally filed as a class action. The class-action assertions have been abandoned.

*Indus. Sand Ass'n v. Gibson,* 897 S.W.2d 769, 772 (Tex.1995). The exercise of jurisdiction must also comport with fair play and substantial justice. *See, e.g., Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476–77, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

■ A nonresident defendant's contacts with the forum state may give rise to either general or specific jurisdiction. *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002). General jurisdiction is established when the defendant has made continuous and systematic contacts with the forum. *Id.* at 796. Specific jurisdiction is established if the defendant's alleged liability arises from or is related to an activity conducted within the forum. *Id.; see also Am. Type Culture Collection, Inc. v. Coleman,* 83 S.W.3d 801, 806 (Tex.2002). Thus, for the trial court to have had specific jurisdiction over Commonwealth, (1) Commonwealth must have purposefully made minimum contacts with Texas and (2) York and Roberson's causes of action must have arisen from or related to those contacts. *See Am. Type Culture Collection, Inc.,* 83 S.W.3d at 806. Assuming without deciding that Commonwealth purposely made sufficient minimum contacts with Texas to satisfy due process requirements for Texas courts to exercise jurisdiction over it, we conclude that there is no evidence to support the conclusion that York and Roberson's causes of action arose from or were related to those contacts.

■ While negotiating and executing the JCP Life stock sale, Commonwealth sent employees to Texas on several occasions, and its employees attended corporate meetings in Dallas. The court of appeals determined that specific jurisdiction was established by (a) Commonwealth's status as JCP Life's sole shareholder, its assumption of liabilities and obligations of JCP Life, and its control of JCP Life's board of directors, combined with (b) Commonwealth's contacts with Texas made in the process of purchasing JCP Life's stock. 141 S.W.3d at 847–48. Commonwealth contends, however, that there is no evidence to support the court of appeals' conclusion. We agree.

■ First, in regard to Commonwealth's contacts with Texas as a result of its status as the sole shareholder of JCP Life, we note that separate corporations are presumed to be distinct entities. *See BMC Software Belg., N.V.,* 83 S.W.3d at 798–99. Stock ownership and the related right of control that stock ownership gives to stockholders are insufficient to destroy the distinctness of corporate entities for jurisdictional purposes. *Id.; see also Gentry v. Credit Plan Corp. of Houston,* 528 S.W.2d 571, 573 (Tex.1975). In order to "fuse" the parent company and its subsidiary for jurisdictional purposes, it must be proved that the parent is the alter ego of the subsidiary. *BMC Software Belg., N.V.,* 83 S.W.3d at 798–99. That is, the parent must be shown to control the internal business operations and affairs of the subsidiary to the extent that the two entities effectively cease to be separate. *Id.*

There is no evidence in this record that Commonwealth did more than function as a shareholder of JCP life, albeit the sole shareholder. There is no evidence that Commonwealth controlled the internal business operations of JCP Life and thereby became the alter ego of JCP Life.

Next, there is no evidence that York's or Roberson's claims arise from contacts with Texas that Commonwealth made during its purchase of the stock. Nor is there evidence Commonwealth was involved in JCP Life's claims evaluation process at the time the claims of York and Roberson were denied. York and Roberson do not assert

that their claims are related to Commonwealth's employees coming to Texas to negotiate for and purchase JCP Life or to Commonwealth's other contacts with Texas during the process of its purchasing JCP Life stock.

Accordingly, the court of appeals erred in holding that the trial court had specific jurisdiction over Commonwealth as to York and Roberson's causes of action. We reverse the court of appeals' judgment. The case is remanded to the court of appeals for determination of whether Commonwealth's contacts with Texas give rise to general jurisdiction. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996).