COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 MICHAEL KEENAN, a/k/a 
 MIKE KEENAN, d/b/a
 SOUTHWEST MOTORSPORTS,
  
                             Appellant,
  
 v.
  
 TONY AGUILAR,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
             No. 08-11-00330-CV
  
 Appeal from the
  
 168th
 Judicial District Court
  
 of El
 Paso County, Texas
  
 (TC#2011-02156)
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

                                                                  O
P I N I O N

Appellant, Michael Keenan, doing business as
Southwest Motorsports (“Keenan”), appeals from the denial of his special
appearance.  We affirm.

BACKGROUND

Keenan, a non-resident of Texas, owns Southwest
Motorsports, a retail car and RV dealership, located in Albuquerque, New
Mexico.  In October 2010, Appellee, a resident
of El Paso County, Texas, found a sales advertisement for a “1998 Safari
Continental Diesel pusher DAMAGED MOTORHOME” which Keenan had placed on
eBay.  The eBay advertisement indicated
the vehicle had a salvage title and described the motorhome as being in “great
condition, inside and out” with “[n]o repairs needed.”  Appellee placed a $30,100 bid on eBay to
purchase the vehicle and won.[1]  Appellee emailed Keenan to obtain more
information about purchasing the vehicle and to find out if there were any
mechanical problems he should know about. 
In response to Appellee’s email, Keenan stated that the motorhome had no
problems and provided him with a mailing address for payment purposes.

On at least two occasions, Appellee and Keenan
spoke over the phone to discuss the condition of the motorhome.  In accordance with Keenan’s instructions, Appellee
wire-transferred money to Keenan’s bank in Albuquerque and then traveled to
Albuquerque to pick up the motorhome.[2]  In Albuquerque, Keenan allegedly reassured
Appellee there was nothing wrong with the motorhome and Appellee signed a
purchase contract.

Upon returning to El Paso, Appellee took the
motorhome to Truck Enterprises for minor repairs.  While the motorhome was being repaired, Truck
Enterprises found a number of mechanical problems and, as a result, Appellee
paid $7,050.85 in repair costs.[3]  Appellee subsequently took the vehicle to
Camping World for an inspection.  The
inspection revealed other problems with the motorhome which were fixed at a
cost of $5,201.40.[4]

Appellee thereafter sued Keenan in El Paso
County, Texas on May 27, 2011, for violations of the Texas Deceptive Trade
Practices Act.  Keenan filed a special
appearance challenging personal jurisdiction and an original answer subject to
his special appearance.  Appellee argues
that jurisdiction was proper because Keenan: (1) advertised the motorhome on
eBay; (2) conducted email correspondence with Appellee; (3) spoke with Appellee
on the telephone on at least two occasions; (4) accepted a wire transfer from
Appellee’s bank in Texas; and (5) told Appellee that he bought and sold
motorhomes in Texas, and had purchased the motorhome in Longview, Texas.  The trial court allowed Appellee to depose
Keenan before considering Keenan’s special appearance.[5]
 After a hearing, the trial court
denied the special appearance, and this appeal followed.   

DISCUSSION 

In his sole issue on appeal, Keenan asserts that
the trial court erred by denying his special appearance because Keenan’s
conduct in this case was insufficient to establish minimum contacts with Texas
necessary to confer jurisdiction over him.

Standard of Review

We review the trial court’s decision on a special appearance
de novo.  Moki Mac River Expeditions
v. Drugg, 221 S.W.3d 569, 574 (Tex. 2007); BMC Software Belgium, N.V. v.
Marchand, 83 S.W.3d 789, 794 (Tex. 2002). 
The plaintiff in a suit against a nonresident defendant bears the
initial burden of pleading sufficient allegations to bring the defendant within
the provisions of the Texas long-arm statute. 
Kelly v. Gen. Interior Constr.,
Inc., 301 S.W.3d 653, 658 (Tex. 2010). 
Once the plaintiff’s burden is met, the burden of proof shifts to the
nonresident defendant, who must then negate all possible grounds for personal
jurisdiction alleged by the plaintiff.  Id.; BMC Software, 83 S.W.3d at
793.

However, in deciding the jurisdictional question, the trial
court must frequently resolve fact questions.  BMC Software, 83 S.W.3d at 794; Assurances
Generales Banque Nationale v. Dhalla, 282 S.W.3d 688, 694–95 (Tex. App. – Dallas
2009, no pet.). Therefore, when a trial court does not issue findings of fact
and conclusions of law in support of its order granting or denying a special
appearance, all facts supported by the evidence that are necessary to support
the order and supported by the evidence are implied.  See Moki Mac, 221 S.W.3d at 574; BMC
Software, 83 S.W.3d at 795; Dhalla, 282 S.W.3d at 695.

PERSONAL JURISDICTION[6]

Personal
jurisdiction refers to a court’s power to bind a
particular person or entity.  CSR Ltd.
v. Link, 925 S.W.2d 591, 594 (Tex. 1996).  Texas courts may assert personal
jurisdiction over a nonresident if:  (1) the Texas long-arm statute authorizes the
exercise of jurisdiction; and (2) the exercise of jurisdiction is consistent with federal and state
constitutional due process guarantees. Moki Mac, 221 S.W.3d at 574; Am.
Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 806 (Tex.
2002).  The Texas long-arm statute authorizes
jurisdiction over a nonresident “doing business” in Texas.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 17.042 (West 2008).

A
nonresident does business in Texas if the nonresident:  (1) contracts by mail or otherwise with a
Texas resident and either party is to perform the contract in whole or in part
in Texas; (2) commits a tort in whole or in part in Texas; or (3) recruits
Texas residents for employment inside or outside Texas.  See id.  The Texas long-arm statute permits personal
jurisdiction over a nonresident to reach “as far as the federal constitutional
requirements of due process will allow.” 
Am. Type Culture Collection, 83 S.W.3d at 806.  Federal due process is satisfied when:  (1) the defendant has minimum contacts with
Texas; and (2) the exercise of jurisdiction comports with traditional notions
of fair play and substantial justice.  See Retamco, 278 S.W.3d at 338.[7]

Personal jurisdiction exists if the nonresident
defendant’s minimum contacts give rise to either specific jurisdiction or
general jurisdiction.  BMC
Software, 83
S.W.3d at 795.  Specific jurisdiction is established if the nonresident defendant’s
liability arises out of or is related to an activity conducted within the
forum.  Moki Mac, 221
S.W.3d at 575-76; BMC Software, 83
S.W.3d at 796.  “For specific jurisdiction, the minimum contacts analysis
requires that the defendant purposefully availed itself of conducting
activities in the forum state, and that the cause of action arises from or is
related to those activities.”  Casas Grandes Confections, LLC v. Arbor, 367 S.W.3d 872, 875 (Tex. App. – El
Paso 2012, no pet.).  The purpose of the
minimum-contacts analysis is to protect the nonresident defendant from being
haled into a Texas court when his relationship with Texas is too attenuated to
support jurisdiction.  Am. Type Culture Collection, 83 S.W.3d at 806.  When a nonresident defendant purposefully
avails itself of the privileges and benefits of conducting business in Texas it
is amenable to suit in Texas.  Id.

To
establish specific jurisdiction, we only consider the nonresident’s own
contacts with Texas, not the unilateral activities of third parties.  Id.; Michiana Easy Livin’ Country, Inc. v.
Holten, 168 S.W.3d 777, 784-85 (Tex. 2005).  Additionally, it is the
quality and nature of the nonresident defendant’s contacts, rather than the
number of contacts that are of significance to the minimum-contacts analysis.  Am.
Type Culture Collection, 83
S.W.3d at 806.  Whether the nonresident
defendant’s activities consist of contacts inside or outside of Texas, they
must warrant a conclusion that he could reasonably anticipate being called into
a Texas court.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100
S.Ct. 559, 62 L.Ed.2d 490 (1980); Am.
Type Culture Collection, 83
S.W.3d at 806.  When the contacts are
merely random, fortuitous, or attenuated, the nonresident defendant is not subject
to Texas jurisdiction.

            Keenan argues
that Appellee has failed to proffer the evidence needed to establish minimum
contacts for specific jurisdiction and that he did not purposefully avail
himself of the privilege of doing business in Texas.  Specifically, he asserts that merely selling
an item through an eBay listing is insufficient to establish minimum contacts
with Texas.  In response, Appellee
contends Keenan purposefully availed himself of the privilege of conducting
activities within Texas by advertising and selling the motorhome on eBay and
that Keenan’s contacts arising from internet use were sufficient to establish
personal jurisdiction.  The parties agree
that eBay is an interactive website for purposes of the “sliding scale”
analysis courts often use to determine whether jurisdiction over a nonresident
defendant exists based on the nonresident’s use of the internet.  See
Choice Auto Brokers, Inc. v. Dawson, 274 S.W.3d 172, 177-78 (Tex. App. –
Houston [1st Dist.] 2008, no pet.); I
& JC Corp v. Helen of Troy, L.P., 164 S.W.3d 877, 888-89 (Tex. App. –
El Paso 2005, pet. denied).  For
purposes of establishing personal jurisdiction, Internet use is separated into
three categories on a sliding scale.  I & JC Corp, 164 S.W.3d at 888.

At one end of the
sliding scale are websites “clearly used for transacting business over the
internet,” like entering into contracts and knowing and repeated transmission
of files of information, which can establish sufficient minimum contacts with a
state.  Id.  At the other
end of the scale are “passive” websites used only for purposes of advertising
online and which are not sufficient to establish minimum contacts although the
websites can be accessed by residents of a particular state.  Id.  In the middle of the scale, are “interactive”
websites that allow a potential customer and a host computer to engage in an
“exchange” of information.  Id. at 888-89.  When personal jurisdiction is based on a
nonresident defendant’s use of eBay, an “interactive” website, we must look
beyond the internet activity to the degree of interaction between the parties,
for purposes of establishing personal jurisdiction.  Karstetter
v. Voss, 184 S.W.3d 396, 405 (Tex. App. – Dallas 2006, no pet.); I & JC Corp, 164 S.W.3d at 888-89.

            Specific
jurisdiction exists when the nonresident defendant’s activities have been
“purposefully directed” to the forum state and the litigation results from
injuries arising out of or relating to those activities.  Commonwealth
Gen. Corp. v. York, 177 S.W.3d 923, 925 (Tex. 2005).  We focus our analysis on the issue of
whether Keenan’s contacts with Texas are sufficient to subject him to specific
jurisdiction.  The record reflects that
the parties corresponded through two emails and had at least two telephone
conversations.  Although the number of
contacts occurring in Texas were limited, they were significant.  Furthermore, Appellee’s claim arises from or
is related to those contacts.  Casas
Grandes, 367 S.W.3d at 875.

Specifically, the record shows that Keenan
made two misrepresentations in Texas. 
First, in his email response to Appellee in Texas, Keenan stated that
the motorhome had no problems.  Second,
when Keenan spoke to Aguilar on the phone he indicated that the motorhome
needed no repairs and that the only problem was some water damage.  There is also evidence that Keenan told
Appellee that he purchased the motorhome in Texas and drove it from Texas to
New Mexico.  Additionally, the evidence
reflects that Keenan had bought and sold other motorhomes in Texas.  The record further shows that Appellee made a
wire transfer from his bank in Texas to Keenan’s bank in Albuquerque pursuant
to Keenan’s instructions to Appellee and as required by the terms on eBay.[8]  Once Appellee won the bid for the motorhome and
the parties made contact by email and telephone, Appellee was required to
partially perform in Texas under the terms of Keenan’s eBay advertisement by making
a $2,000 deposit to Keenan, as such, Keenan “purposefully directed” his
activities to Texas.

Here, Keenan’s contacts with Texas relate to
the sale of the motorhome at issue.  Moki Mac, 221 S.W.3d at 575-76; BMC Software, 83 S.W.3d at 796.  There is a substantial connection
between Keenan’s contacts with Texas and the operative facts of Appellee’s claims.  See
Retamco, 278 S.W.3d at 340-41.  The degree
of interaction between the parties and Keenan’s actions support the trial court’s
implied findings that Keenan was “doing business” in Texas and that his alleged
liability arises from or is related to doing business in Texas.  Tex.
Civ. Prac. & Rem. Code Ann. § 17.042(1) (West 2008); Moki Mac, 221 S.W.3d at 575-76; BMC Software, 83 S.W.3d at 796.  We
conclude the trial court did not err in denying Keenan’s special appearance
because Appellee’s claims relate to or arise from Keenan’s contacts with Texas,
such that the trial court could exercise specific jurisdiction over Keenan.  Issue One is overruled.

CONCLUSION

 

We affirm the order of the trial court denying Appellant’s
special appearance and remand to the trial court for trial on the merits.

 

                                                                        GUADALUPE
RIVERA, Justice

December 21, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.











[1]
When a seller places an item for sale on eBay, the seller sets the initial
minimum bid and the closing date of the online auction.  Action
Tapes, Inc. v. Weaver, No. Civ. 3:05-CV-1693-H, 2005 WL 3199706, at *2
(N.D. Tex. Nov. 23, 2005).  Buyers then place bids on the advertised
item through eBay and, at the close of the auction, the highest bidder wins the
item.  Id.  eBay then places the
seller and winning bidder in contact through email to make payment and delivery
arrangements.  Id.





 

[2]
In Keenan’s First Amended Special Appearance, Keenan asserted a wire transfer
was not made to him as he was paid by cashier’s check.  However, a copy of the cashier’s check
attached to the amended pleading shows that it was made in an amount less than the
contracted purchase price.

 





[3]
The alleged mechanical problems included cracked bell housing, a leaky front
hub seal, and broken struts on the engine compartment.





 

[4]
Appellee’s original petition states that the RV’s rearview camera and monitor
did not work.  Appellee’s petition also
references other repair costs incurred as well as costs for repairs that are
yet to be made.





[5]
While Keenan attached a copy of his deposition transcript to his brief, this is
not part of the appellate record and cannot be considered.  Fox v.
Wardy, 234 S.W.3d 30, 33 (Tex. App. – El Paso 2007, pet. dism’d); see Tex.
R. App. P. 34.1.





[6] There are two types of personal
jurisdiction—specific and general.  Retamco
Operating Inc. v. Republic Drilling Co., 278 S.W.3d 333, 338 (Tex. 2009).  Because Appellee does
not argue that the trial court has general jurisdiction over Keenan, we confine
our review to specific jurisdiction.





[7] Because Keenan’s appellate brief fails to address the second
requirement, we only address whether Keenan established minimum contacts with
Texas. 






[8]
On the eBay advertisement a $2,000 deposit was required within 48 hours of the
auction close.