Kenneth L. HARRIS, Appellant

v.

SHOWCASE CHEVROLET, Appellee.

No. 05–06–00355–CV.

Court of Appeals of Texas,
Dallas.

Aug. 16, 2007.

Kenneth L. Harris, Dallas, pro se.

Kimberly S. Moore, Law Offices of Strasburger & Price, L.L.P., Christine D. Roseveare, Monica Alvarez, Strausburger & Price, Frisco, TX, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice BRIDGES.

Kenneth L. Harris appeals the trial court's summary judgment in favor of Showcase Chevrolet on Harris' race and age discrimination claims. In three issues, Harris argues the trial court erred in entering summary judgment against him, the evidence is legally and factually insufficient to support the judgment, and the trial court abused its discretion in striking his appendix in support of his response to Showcase's motion for summary judgment. We affirm the trial court's judgment.

On June 30, 2003, Harris applied for a sales position at Showcase and was interviewed by employee development manager Toni Anselmo and director of employee retention, Randy Woehl. Harris' resume showed he had only one prior automotive sales position for ninety days at Lute Riley Honda. Woehl asked Harris about his work experience at Lute Riley Honda. Harris said he had not liked the way his manager at Lute Riley had been treating people, and they had "agreed to disagree." Harris completed a series of questions on a computer at Showcase, and Woehl told Harris they would be in touch with Harris shortly concerning a hiring decision. Because of Harris' single, ninety-day job as an automotive salesman and the unclear reasons why he left after only ninety days, Woehl did not consider Harris a qualified candidate for a new car sales position at Showcase. On July 7, 2003, Harris received a letter from Showcase saying he would not be hired. On May 5, 2004, Harris filed a charge of discrimination against Showcase with the Texas Workforce Commission civil rights division (the

Commission) alleging Showcase denied him employment on or about September 1, 2003. In his original petition, filed November 12, 2004, Harris alleged he received a letter on July 7, 2003 informing him that he would not be hired, and when Showcase did not contact him, he filed a complaint with the Texas Commission on Human Rights. Showcase filed a motion for summary judgment which the trial court granted on February 16, 2006. This appeal followed.

 In his first issue, Harris argues the trial court erred in granting Showcase's motion for summary judgment. In his second issue, Harris complains the evidence is legally and factually insufficient to support the trial court's summary judgment. In reviewing the trial court's decision to grant summary judgment, we apply well-known standards. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). An appellate court reviewing a summary judgment must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *See Wal–Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex.2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex.2005). There is only one standard for reviewing a summary judgment: a reviewing court must examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *City of Keller*, 168 S.W.3d at 824. Reviewing courts do *not* disregard the evidence supporting the motion; if they did, all summary judgments would be reversed. *Id.* at 824–25.

 A person claiming to be aggrieved by an unlawful employment practice must file a complaint with the Commission not later than the 180th day after the date the alleged unlawful employment practice occurred. TEX. LAB.CODE ANN.

§ 21.202(a) (Vernon 2006). Failure to comply with this requirement is a failure to exhaust administrative remedies and deprives the court of subject-matter jurisdiction. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 488 (Tex.1991); *Vincent v. W. Tex. State Univ.*, 895 S.W.2d 469, 473 (Tex.App.-Amarillo 1995, no writ). Here, even taking as true that Showcase somehow denied Harris employment on September 1, 2003, Harris did not file his complaint with the Commission until May 5, 2004. Because Harris' complaint was filed well outside the 180–day time for filing, the trial court did not err in granting Showcase's motion for summary judgment on the ground that Harris failed to exhaust administrative remedies. *See Nixon*, 690 S.W.2d at 548–49; *Schroeder*, 813 S.W.2d at 488.

 In his third issue, Harris argues the trial court erred in granting Showcase's motion to strike Harris' response to Showcase's motion for summary judgment and his appendix in support of his response. We note that Harris has chosen to represent himself pro se at trial and on appeal. We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.-San Antonio 1999, pet. denied).

 We review the trial court's admission or exclusion of summary judgment evidence under an abuse of discretion standard. *Baker v. Gregg County*, 33 S.W.3d 72, 78 (Tex.App.-Texarkana 2000, pet. dism'd) Discovery products may be used as

summary judgment evidence if copies of the material and appendices are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs at least seven days before the hearing if such proofs are to be used to oppose the summary judgment. Tex.R. Civ. P. 166a(d). In computing any period of time prescribed or allowed by the rules of civil procedure, the day of the act, event, or default after which the designated period of time begins to run is not to be included. Tex.R. Civ. P. 4. On January 17, 2006, Harris was sent notice that a hearing on Showcase's motion for summary judgment was set for February 16, 2006. Harris filed his response and response appendix with the trial court on February 9, 2006. However, the certificate of service on Harris' response and response appendix states that the response was sent to all counsel of record on February 10, 2006. Showcase's counsel received the response and appendix on February 13, 2006. Thus, it appears that Harris failed to timely file and *serve* his response and appendix on all parties. *See* Tex.R. Civ. P. 166a(d). Harris did not file either a motion for leave to amend or a motion for continuance, either of which, if granted by the trial court, would have given Harris the opportunity to timely supplement his response. *Baker*, 33 S.W.3d at 77. Accordingly, we conclude the trial court did not abuse its discretion in excluding Harris' response and response appendix. *See* Tex.R. Civ. P. 166a(d); *Baker*, 33 S.W.3d at 77–78. We overrule Baker's third issue.

We affirm the trial court's judgment.