COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MARTA MARTINEZ,


 Appellant,


v.


ALLEN SANDY WARD,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00331-CV



Appeal from the


210th District Court


of El Paso County, Texas


(TC# 2004-1321)


O P I N I O N


 Marta Martinez appeals from the trial court's summary-judgment ruling in favor of the
defendant. Finding Martinez failed to comply with the briefing requirements in Rule 38.1 of the
Texas Rules of Appellate Procedure, we determine that nothing is presented for review and therefore,
affirm the trial court's judgment.

BACKGROUND


 In 2004, Martinez filed her petition alleging several defendants verbally and physically
harassed her, and asked the trial court to force the defendants to acknowledge her rights in the
property located at 3718 Wickham in El Paso County. Martinez later moved for summary judgment,
and the trial court set a hearing on the motion for June 22, 2005. The court's docket sheet reflects
that the hearing was held; however, no final judgment from that hearing appears in the record. 
Nevertheless, Martinez filed a notice of appeal, and we subsequently dismissed the appeal for want of jurisdiction. The defendant then moved for summary judgment on no-evidence grounds. The
court's docket sheet does not indicate whether a hearing was held on the defendant's motion, and
the record does not contain a final judgment based on the defendant's motion. However, Martinez
filed her second notice of appeal, and we dismissed that appeal for lack of jurisdiction, as well. 
Following our dismissal, the trial court held a hearing on the defendant's motion for summary
judgment and subsequently entered an order granting summary judgment in the defendant's favor. 
It is from that order that Martinez now appeals.

ANALYSIS

 Initially, we note that we must construe Martinez's brief liberally as she is appearing pro se. 
See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). However, pro se litigants still
must comply with all applicable procedural rules. Valadez v. Avitia, 238 S.W.3d 843, 845 (Tex.
App.-El Paso 2007, no pet.); Sweed v. City of El Paso, 195 S.W.3d 784, 786 (Tex. App.-El Paso
2006, no pet.); Martinez v. El Paso County, 218 S.W.3d 841, 844 (Tex. App.-El Paso 2007, pet.
struck); Strange v. Continental Cas. Co., 126 S.W.3d 676, 678 (Tex. App.-Dallas 2004, pet. denied);
Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex. App.-Amarillo 2003, pet. denied); Clemens v. Allen,
47 S.W.3d 26, 28 (Tex. App.-Amarillo 2000, no pet.); Weaver v. E-Z Mart Stores, Inc., 942 S.W.2d
167, 169 (Tex. App.-Texarkana 1997, no pet.); Harris v. Showcase Chevrolet, 231 S.W.3d 559, 561
(Tex. App.-Dallas 2007, no pet.). Thus, following the rules of appellate procedure, the pro se
appellant's brief must state "all issues or points presented for review" and contain "a clear and
concise argument for the contentions made, with appropriate citations to authorities and to the
record." Tex. R. App. P. 38.1(f), (i). When no issues are stated and the brief contains no arguments
or citations to the record or legal authority, nothing is presented for review. Republic Underwriters
Ins. Co. v. Mex-Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004); Valadez, 238 S.W.3d at 843; Martinez,
218 S.W.3d at 844; Plummer, 93 S.W.3d at 931; Nguyen v. Kosnoski, 93 S.W.3d 186, 188 (Tex.
App.-Houston [14th Dist.] 2002, no pet.). As a reviewing court, we have "no duty - or even right
- to perform an independent review of the record and applicable law to determine whether there was
error." Valadez, 238 S.W.3d at 845 (citations omitted).

 Martinez's brief consists of nine pages. Those pages include a cover sheet, the identities of
the parties, counsel, and judges, a table of contents, index of authorities, statement of the case, two
cover sheets to the appendix, and a certificate of service. The brief does not identify any issues
presented or contain a statement of facts, summary of argument, analysis or argument of any issues
raised, prayer, or the documents noted on the cover sheets to the appendix. "It would be
inappropriate for this Court to attempt to re-draft and articulate what we believe [Martinez] may have
intended to raise as error on appeal." Valadez, 238 S.W.3d at 845, citing Martinez, 218 S.W.3d at
845. Because Martinez has not complied with the requirements of Rule 38.1, she has waived any
issues she sought to raise on appeal. See Tex. R. App. P. 38.1; Fredonia State Bank v. General Am.
Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994); Valadez, 238 S.W.3d at 845; Martinez, 218 S.W.3d
at 845.

 Accordingly, we affirm the trial court's judgment.


 GUADALUPE RIVERA, Justice


December 9, 2009


Before Chew, C.J., McClure, and Rivera, JJ.