**William RAPAGLIA, Appellant,**

v.

**Sofia LUGO, Appellee.**

**No. 05–11–01457–CV.**

Court of Appeals of Texas, Dallas.

June 27, 2012.

---

Jerry Galow, Galow & Smith, P.C., Austin, Charles R. Walker, Morgan & Morgan, Orlando, FL, for Appellant.

J. Dennis Weitzel, Tucker H. Byrd, William Lewis, Morgan & Morgan, PA, Orlando, FL, for Appellee.

Before Justices MORRIS, MOSELEY, and MYERS.

## OPINION

Opinion By Justice MORRIS.

In this interlocutory appeal, William Rapaglia challenges the trial court's order granting the special appearance of Sofia Lugo. Appellant first argues that he pleaded sufficient jurisdictional facts to support the exercise of jurisdiction. He then argues that Lugo waived her special appearance, that Lugo had sufficient contacts with Texas to give rise to jurisdiction because she consented to or ratified actions in Texas taken by her husband, and that the exercise of jurisdiction over Lugo would comport with due process requirements and not offend traditional notions of fair play and substantial justice. For the reasons that follow, we affirm the trial court's order granting Lugo's special appearance and dismissing her from the lawsuit.

### I.

This case arises out of a dispute among the directors, officers, shareholders, and agents of Ab Unda Corporation, a Nevada company with its principal place of business in Texas. Appellant, individually and as representative of the shareholders of AUC, sued Lugo and others for breach of legal, equitable, and fiduciary duties, civil conspiracy, intentional infliction of emotional distress, and unjust enrichment. Sofia Lugo is a Florida resident who, with her husband Michael Sheils, jointly holds stock in AUC.[1]

In his live pleading, appellant acknowledges that Lugo is a Florida resident. Appellant also alleges, however, that his causes of action arise from or are connected to purposeful acts committed by the various defendants, including Lugo, while they were acting either as an "officer, director, attorney, partner, or co-venturer" of AUC and engaging in business dealings with AUC. Appellant alleges that Lugo

1. Lugo and Sheils received the AUC stock pursuant to a settlement agreement with respect to a default judgment Sheils obtained in Florida against AUC. Appellant's petition includes the default judgment and stock transfer in his conspiracy claims.

and her husband conspired with the other defendants to steal AUC's assets and opportunities. Appellant's pleading specifically references a 2003 meeting in Dallas, Texas that "defendants" attended "for the purpose of conspiring against [appellant] with the intention of defrauding [appellant] and other shareholders." Lugo filed a special appearance arguing that she was not subject either to general or specific jurisdiction in Texas because she had not purposefully availed herself of the privilege of conducting activities within Texas or otherwise established minimum contacts with Texas.

In her supporting affidavit, Lugo testified she is a Florida resident who had never resided in Texas, did not have a phone listing or own property in Texas, and never did business or entered into any agreement with a Texas resident with respect to this matter. She denied any involvement in the business activities of AUC and said her sole act as an AUC shareholder was signing a "Notice of Action by the Shareholders of Ab Unda Corporation" on February 25, 2003 in Florida. Lugo denied participating in the 2003 Dallas meeting and further denied appointing anyone to act as her agent at the 2003 meeting or in connection with the affairs of AUC. She stated that she had not been in Texas for any purpose in the past thirty-six years. After a hearing, the trial court granted Lugo's special appearance. Appellant filed this interlocutory appeal challenging the trial court's ruling.[2]

## II.

■ We review de novo the trial court's ruling on a special appearance. *See Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex.2007).

Where, as here, the trial court did not make findings of fact or conclusions of law, we infer all facts necessary to support the judgment if they are supported by the evidence. *Id.*

■ A Texas court may exercise personal jurisdiction over a nonresident defendant under the Texas long-arm statute, which extends personal jurisdiction as far as federal due process requirements permit. *See Guardian Royal Exchange Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex.1991). Due process allows a forum state to exert jurisdiction when the nonresident defendant (1) has some minimum, purposeful contact with the state, and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Id.* Purposeful availment is the touchstone of the minimum contact analysis. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex.2005). The purposeful availment analysis involves a three-part inquiry: (1) only the nonresident defendant's contacts with the forum state are relevant; (2) the contact relied on must be purposeful rather than random, fortuitous, or attenuated; and (3) the defendant must have sought some benefit, advantage or profit by availing herself of the forum state's jurisdiction. *See Moki Mac*, 221 S.W.3d at 575.

■ A nonresident defendant's contacts with a forum state may give rise either to general or specific jurisdiction. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795–96 (Tex.2002). For general jurisdiction, a plaintiff must allege the nonresident defendant had continuous or systemic contacts with the forum state. *See Guardian Royal*, 815

2. Although Michael Sheils is named as an appellee in appellant's notice of appeal, he is not a party to this appeal.

S.W.2d at 228. A court may exercise specific jurisdiction over a nonresident defendant in a lawsuit that arises out of or is related to her contact with the forum state. *Moki Mac,* 221 S.W.3d at 576. For specific jurisdiction to apply, the nonresident defendant's contact with the forum state must be purposeful and the cause of action must arise from or relate to the contact. *Id.*

■ We begin with appellant's complaint that Lugo waived her special appearance when her former attorney appeared on her behalf at a hearing on a motion to stay filed by two co-defendants. We have reviewed the transcript of the hearing. We note that the attorney in question represented not only Lugo but her husband Sheils, who did not file a special appearance. At least twice during the hearing, the lawyer informed the trial court that a special appearance had been previously filed on Lugo's behalf and also noted that there was no basis for a Texas court to exercise personal jurisdiction over Lugo. In fact, the trial court acknowledged that Lugo's position on the motion being heard was subject to her special appearance. Because Lugo did not invoke the judgment of the court on any question other than the court's jurisdiction, did not acknowledge by her acts that an action was properly pending against her or seek affirmative action from the court, she did not waive her special appearance. *See Exito Elecs. Co., Ltd. v. Trejo,* 142 S.W.3d 302, 304 (Tex.2004).

■ We next address appellant's argument that the alleged conspiracy between Lugo, her husband and certain Texas residents to steal AUC's assets and opportunities may serve as a basis for the trial court's assertion of specific jurisdiction over Lugo. Although appellant attempts to attribute to Lugo the acts of alleged co-conspirators within Texas to support the exercise of jurisdiction over her, the proper inquiry remains whether Lugo's contacts with Texas were such that she should reasonably anticipate being sued in Texas for her actions with respect to AUC. *See Nat'l Indus. Sand Ass'n v. Gibson,* 897 S.W.2d 769, 773 (Tex.1995) (orig. proceeding). In fact, the Texas Supreme Court has specifically declined to recognize the assertion of personal jurisdiction over a non-resident defendant based solely upon the effects or consequences of an alleged conspiracy with a resident of the forum state. *Id.*

Appellant also argues that Lugo consented to or ratified actions in Texas taken by her husband. In addition to Lugo's supporting affidavit, the record includes excerpts from Lugo's deposition and the "Notice of Action by the Shareholders of Ab Unda Corporation."[3] Among other things, the Notice of Action removed appellant as a director and officer of AUC, notified the United Stated Department of Defense of the ratification of certain agreements made between AUC and another company and set forth the requested manner of payment for certain invoices involving U.S. military contracts. According to Lugo's deposition, she signed the Notice of

---

**3.** At various places in his appellate brief, appellant contends the trial court's ruling on the special appearance was based solely on appellant's pleadings and the trial court refused to hear his evidence at the hearing. Our review of the trial court's order and reporter's record of the hearing does not support appellant's assertions. Not only were appellant's exhibits admitted into evidence at the hearing, the trial court's order granting the special appearance specifically recites that the trial court considered the exhibits in support of and in opposition to the special appearance. A written order controls over a trial court's oral pronouncement. *See In re JDN Real Estate–McKinney L.P.,* 211 S.W.3d 907, 914 n. 3 (Tex.App.-Dallas 2006, orig. proceeding [mand. denied] ).

Action in Florida, pursuant to her husband's request, in her capacity as a joint shareholder of AUC stock. The document acknowledges that AUC is a Nevada corporation and the actions are being taken in accordance with Nevada law and the by-laws of AUC. It does not reference any action to be taken in Texas. In her deposition, Lugo agreed that she allowed her husband to take care of the business relating to AUC and noted she was not involved in the decisions her husband made. There is no evidence that Lugo had any knowledge of, consented to, or ratified the actions allegedly taken in Texas by her husband or any other defendants and upon which appellant bases his causes of action. The evidence before us is insufficient to support the exercise either of general or specific jurisdiction over Lugo because it fails to demonstrate Lugo's purposely availed herself of the privilege of conducting activities in Texas. *See Moki Mac,* 221 S.W.3d at 576. Our conclusion that Lugo lacks sufficient minimum contacts with Texas makes it unnecessary to address appellant's contention that the exercise of personal jurisdiction over Lugo would not offend traditional notions of fair play and substantial justice.

In his brief, appellant also complains that the trial court improperly overruled his objections to portions of Lugo's supporting affidavit. Because appellant has provided no argument or citations to legal authority to support his contention, he has waived this complaint on appeal. *See* Tex. R.App. P. 38.1(i).

We affirm the trial court's order granting Lugo's special appearance and dismissing appellant's lawsuit against her.