**AFFIRM; Opinion Filed May 22, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00567-CV**

**NEXBANK, SSB, Appellant**
**V.**
**COUNTRYWIDE FINANCIAL CORPORATION, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-01752-H**

## MEMORANDUM OPINION
Before Justices Moseley, Fillmore, and Myers
Opinion by Justice Moseley

This is an interlocutory appeal from an order granting Countrywide Financial Corporation's (CFC) special appearance. In a single issue, NexBank, SSB argues the trial court erred by granting CFC's special appearance. The background and facts of the case are well-known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's order.

NexBank sued CFC and others for alleged misconduct related to NexBank's purchase of mortgage-backed securities. CFC filed a special appearance, NexBank filed a response in opposition, and the trial court held a hearing and conducted oral argument. The parties offered no live testimony at the hearing. The trial court granted CFC's special appearance and this appeal followed.

In its sole issue on appeal, NexBank asserts CFC is subject to personal jurisdiction in Texas because the record showed CFC conducted business in Texas, owned property in Texas, had employees in Texas, paid taxes in Texas, and utilized the Texas court system; therefore, the trial court erred by granting CFC's special appearance. NexBank does not argue that CFC failed to meet its burden to negate all bases of jurisdiction pleaded. Rather, it argues there is evidence in the record indicating that CFC has sufficient contacts with Texas and the trial court should have denied CFC's special appearance.

We review de novo the trial court's ruling on a special appearance. *See Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). Where, as here, the trial court did not make findings of fact or conclusions of law, we infer all facts necessary to support the judgment if they are supported by the evidence. *Id.*

Under rule 120a, a special appearance, properly entered, enables a non-resident defendant to challenge personal jurisdiction in a Texas court. TEX. R. CIV. P. 120a. A Texas court may exercise personal jurisdiction over a nonresident defendant under the Texas long-arm statute, which extends personal jurisdiction as far as federal due process requirements permit. *See Drugg*, 221 S.W.3d at 575; *Rapaglia v. Lugo*, 372 S.W.3d 286, 289 (Tex. App.—Dallas 2012, no pet.). Due process allows a forum state to exert jurisdiction when the nonresident defendant (1) has some minimum, purposeful contact with the state, and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *See Drugg*, 221 S.W.3d at 575; *Lugo*, 372 S.W.3d at 289.

A defendant's contacts with a forum can give rise to either specific or general jurisdiction. *Lugo*, 372 S.W.3d at 289. Specific jurisdiction is established if the defendant's alleged liability arises out of or relates to the defendant's contacts with the forum state. *Id.* at 290. In contrast, general jurisdiction is established if the defendant has had continuous and

systematic contacts with the forum, regardless of whether the defendant's alleged liability arises from those contacts. *Drugg*, 221 S.W.3d at 575.

In a personal jurisdiction analysis, the plaintiff bears the initial burden to plead sufficient allegations to invoke jurisdiction under the Texas long-arm statute. *Id.* at 574. To determine whether the plaintiff satisfied its pleading burden, a court considers the allegations in the plaintiff's petition as well as its response to the defendant's special appearance. *Flanagan v. Royal Body Care, Inc*., 232 S.W.3d 369, 374 (Tex. App—Dallas 2007, pet. denied); TEX. R. CIV. P. 120a(3). Once the plaintiff has pleaded sufficient jurisdictional allegations, a defendant who contests the trial court's exercise of personal jurisdiction bears the burden to negate all alleged bases of jurisdiction. *Flanagan*, 232 S.W.3d at 374. The "defendant can negate jurisdiction on either a factual or legal basis." *Kelly v. Gen. Interior Constr., Inc*., 301 S.W.3d 653, 659 (Tex. 2010). A defendant negates jurisdiction on a factual basis by presenting evidence it has no contacts with Texas, thus disproving the plaintiff's jurisdictional allegations. *Id*. If the nonresident defendant produces evidence negating personal jurisdiction, the burden returns to the plaintiff to show, as a matter of law, that the court had personal jurisdiction over the nonresident defendant. *Alliance Royalties, LLC v. Booth*, 329 S.W.3d 117, 120 (Tex. App.—Dallas 2010, no pet.).

NexBank's petition included the following jurisdictional allegations against CFC:

> Defendant Countrywide Financial Corporation ("Countrywide Financial") is a corporation organized under the laws of the State of Delaware, with its principal place of business in West Hills, California. Countrywide Financial's registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware 19801. Countywide Financial owns and controls 100% of Countrywide Home Loans and Countrywide Securities. In 2007, Countrywide Financial directly owned and controlled 100% of Defendant Countrywide GP; thereafter it continued to own and control 100% of Countrywide GP indirectly through its ownership of Countrywide Home Loans. Countrywide Financial has engaged in business in Texas; Countrywide Financial does not maintain a regular place of business in Texas; Countrywide Financial does not have a designated agent for service of process in Texas; the lawsuit

arises from Countrywide Financial's business in Texas. Thus, Countrywide Financial may be served with process by serving the Texas Secretary of State pursuant to Texas Civil Practice and Remedies Code § 17.044(b).

In response to CFC's special appearance, NexBank also made the following jurisdictional allegations. CFC had "a strong and continuous presence in Texas;" filed tax returns in Texas;[1] originated, underwrote, securitized, and sold loans in Texas; maintained offices in Texas; had employees in Texas, and has "taken full advantage of the Texas State and Federal Courts."

In support of its special appearance, CFC filed an affidavit from Paul G. Lane, a Senior Vice-President of CFC. Lane averred to the following facts. CFC is a holding company which engages in mortgage lending through its subsidiaries. CFC is organized under the laws of the state of Delaware, has its only place of business in California, and has never had offices in Texas. Further, CFC does not have business operations in Texas, is not a resident of Texas, does not own property or other assets in Texas, and does not have employees in Texas. CFC did not have business operations in Texas, was not a resident of Texas, did not own property or other assets in Texas, and did not have employees in Texas at the time of the events relevant to the litigation. "CFC does not now and has never originated mortgage loans, securitized mortgage loans, underwritten mortgage loan securitizations, sold certificates from mortgage loan securitizations, or serviced mortgage loans."

By alleging that CFC has engaged in business in Texas, including by originating, underwriting, and selling loans; maintained offices and employees in Texas; paid payroll taxes in Texas; and utilized the Texas court system, NexBank met its initial burden to plead sufficient allegations to bring CFC within the reach of the Texas long-arm statute. *See Flanagan*, 232

---

[1] NexBank deduces that CFC must have paid taxes in Texas because it allegedly had employees in Texas. In its brief, NexBank states: "Since [CFC] had employees in Texas for its loan servicing operations and 'administrative activities' as noted above, it presumably paid payroll taxes to Texas."

S.W.3d at 374. Likewise, through the Lane affidavit, CFC met its burden to negate NexBank's jurisdictional allegations. *See Kelly*, 301 S.W.3d at 659. The Lane affidavit provided evidence that CFC is a holding company that does not have business operations in Texas, does not own property or other assets in Texas, and does not maintain employees in Texas (which would indicate it does not pay payroll taxes in Texas), and it never has done any of these enumerated things.

On appeal, NexBank argues it rebutted the Lane affidavit and showed, as a matter of law, that the court had personal jurisdiction over CFC, based on: (1) a Form 10-K filed by CFC with the Securities and Exchange Commission; (2) an August 29, 2006 Supplemental Prospectus; (3) filings made in Texas state and federal courts in unrelated lawsuits; and (4) a Franchise Tax Certification of Account Status from the Texas Comptroller of Public Accounts' website. As discussed herein, this evidence is insufficient to satisfy NexBank's burden and prove the trial court had jurisdiction over CFC.

NexBank asserts several portions of the Form 10-K show CFC conducted business in Texas, owned property in Texas, and had employees in Texas. However, the Form 10-K does not purport to apply to CFC alone; it states: "Countrywide Financial Corporation ('Countrywide') is a holding company which, through its subsidiaries (collectively, the 'Company'), is engaged in mortgage lending and other real estate finance-related businesses . . .." The portions of the Form 10-K on which NexBank relies discuss activities by the "Company" (as defined above) and use the pronouns "our" and "we" to discuss actions by the Company.[2] No language in the Form 10-K shows that CFC, separate and apart from its subsidiaries, conducted business, owned property, or had employees in Texas. A court cannot

---

[2] For example, NexBank argues the following sentence shows CFC maintained offices in Texas: "We have 39 office locations that support our administrative activities. These locations are office buildings or space in office buildings and most are located in Southern California, Dallas-Fort Worth, Texas, Tampa, Florida and Chandler, Arizona. Of these locations, we own 22 properties and lease 17 properties." We disagree. The sentence shows CFC *or its subsidiaries* had offices in Texas, but is not sufficient to prove that CFC itself had any locations in Texas.

exercise personal jurisdiction over a holding company based on the actions of its subsidiaries. *See Commonwealth Gen. Corp. v. York*, 177 S.W.3d 923, 925 (Tex. 2005).

NexBank also provided the trial court with pleadings from other, unrelated cases and asserts they "conclusively establish that [CFC] had Texas employees and a Texas office as recently as 2002." None of these pleadings are evidence that CFC maintained employees in Texas.

In one of these cases, CFC was not a party to the action. In that case, NexBank maintains a defendant (not CFC) admitted in its Answer that CFC is the policyholder of a Texas employee insurance plan. Assuming such an admission was made by a third party, it is not binding on CFC, *see Gary E. Patterson & Assocs., P.C. v. Holub*, 264 S.W.3d 180, 202 (Tex. App.—Houston [1st Dist.] 2008, pet. denied), and does not support personal jurisdiction over CFC.

In another case, CFC was sued in Texas by a woman seeking unpaid overtime wages and other damages. Attached to the woman's Complaint is a pay stub that states she was employed by CW Home Loan Services LP. NexBank contends this is proof that CFC had an employee in Texas. It is not. We also note that while CFC was a defendant in the lawsuit, it never entered an appearance and the plaintiff dismissed her claims against CFC.

NexBank also directs us to pleadings in a third case in which the plaintiff asserted a whistleblower claim against CFC and others. NexBank, however, provides no evidence that CFC employed the plaintiff. Being a defendant in a lawsuit is not proof that CFC had employees in Texas. *See Asshauer v. Glimcher Realty Trust*, 228 S.W.3d 922, 934 (Tex. App.—Dallas 2007, no pet.).

NexBank also cites these same three cases, and others, as evidence that CFC "sought relief in Texas courts." In two additional matters, NexBank states that CFC did not contest jurisdiction when sued in Texas. Defending itself in a lawsuit and failing to contest jurisdiction

in two suits did not waive CFC's right to contest jurisdiction in this case. *See id.* In a third case, NexBank asserts CFC invoked the jurisdiction of a federal court in the Eastern District of Texas by filing a counter-claim. Filing a counter-claim also did not waive CFC's right to contest jurisdiction in this matter. *See id.*

Next, to prove CFC paid taxes in Texas, NexBank relies on its assertion that CFC had employees in Texas, and reasons that CFC therefore would have been required to pay employment taxes in Texas. However, NexBank submitted no actual proof that CFC had employees or paid employment taxes in Texas. NexBank also relies on a franchise tax certification from the Texas Comptroller as showing that CFC had a Texas taxpayer I.D. number. However, the certification states on its face that "Countrywide Financial Corporation & Subsidiaries" are in good standing. It does not indicate CFC itself ever paid taxes in Texas. The certification instead is consistent with Lane's affidavit stating that CFC has subsidiaries that do business in Texas.

Finally, NexBank argues CFC is not a mere holding company. NexBank points to all of its arguments discussed above as well as a supplement to an August 29, 2006 Prospectus for mortgage-backed securities. In its brief, NexBank quotes part of a sentence from the prospectus. However, NexBank emphasizes the wrong portion of that sentence. NexBank's brief quotes the prospectus as stating that the mortgage loans will be sold "'by one or more special purpose entities that were **established by Countrywide Financial Corporation** or one of its subsidiaries, which acquired the mortgage loans they are selling directly from Countrywide Home Loans, Inc.'" (Emphasis NexBank.) NexBank put the language "established by Countrywide Financial Corporation" in bold text, while ignoring the following words "or one of its subsidiaries." This sentence fragment does not establish that CFC will be taking any action; rather it states that CFC "or one of its subsidiaries" will.

Because none of the evidence NexBank provided established that CFC had some minimum, purposeful contact with Texas, *see Lupo*, 372 S.W.3d at 289, we conclude NexBank did not satisfy its burden to show, as a matter of law, that the trial court had personal jurisdiction over CFC. The trial court did not err by granting CFC's special appearance. Accordingly, we overrule NexBank's sole issue.

We affirm the trial court's order granting CFC's special appearance and dismissing NexBank's claims against it.

/Jim Moseley/
JIM MOSELEY
JUSTICE

120567F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NEXBANK, SSB, Appellant

No. 05-12-00567-CV          V.

COUNTRYWIDE FINANCIAL
CORPORATION, Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-01752-H.
Opinion delivered by Justice Moseley.
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the order of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee COUNTRYWIDE FINANCIAL CORPORATION
recover its costs of this appeal from appellant NEXBANK, SSB.

Judgment entered this 22nd day of May, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE