**AFFIRM; Opinion Filed January 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00126-CV

**BRIAN VODICKA AND STEVEN AUBREY, Appellants**
**V.**
**NORTH AMERICAN TITLE COMPANY, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-01142-I**

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice Myers

Brian Vodicka and Steven Aubrey appeal the summary judgment in favor of North American Title Company. Appellants bring three issues contending the trial court erred by (1) granting appellee's motion for summary judgment, (2) striking all of appellants' summary judgment evidence, and (3) denying appellants' motion for new trial based on newly discovered evidence. We affirm the trial court's judgment.

### BACKGROUND

In 2007, J & T Development Group, L.P. borrowed $4 million for a real estate development in Manor, Texas. Creative Financial Solutions acted as payment agent for a pool of individuals, including Vodicka, who provided the money for the loan. Appellee was the escrow agent for the transaction.

On January 31, 2007, Vodicka and his wife wired $415,000 to appellee for inclusion in the loan. The loan was secured by a second or third-position lien. The portion of the loan including Vodicka's contribution closed on February 1, 2007. On June 21, 2007, Aubrey purchased Greg Lahr's interest in the loan for $500,000. Lahr, at Aubrey's instruction, then assigned his interest in the loan to Vodicka. The next year, J & T defaulted on its loans. The lenders with superior liens foreclosed, and appellants lost their entire investment.

On January 31, 2011, appellants filed suit against appellee, alleging appellee breached its fiduciary duty as an escrow agent to appellants; appellee was negligent, grossly negligent, and negligent per se; appellee violated numerous regulations and statutes; and appellee conspired to commit fraud. Appellee moved for summary judgment, asserting appellants had no evidence to support certain elements of their causes of action. Appellants responded, attaching an expert affidavit, a deposition, a "single ledger balance report," and allegations of the Texas Department of Insurance against appellee as summary judgment evidence in support of appellants' claims. Appellee objected to all of appellants' summary judgment evidence. The trial court sustained all of appellee's objections to appellants' summary judgment evidence and granted appellee's motion for summary judgment.

## SUMMARY JUDGMENT EVIDENCE

In their second issue, appellants contend the trial court erred by striking appellants' summary judgment evidence. Appellants' summary judgment evidence consisted of the affidavit of Steven Lawrence, a single ledger balance report, the deposition of Lesley Williams, and allegations of the Texas Department of Insurance.

On appeal, appellants do not challenge the trial court's order sustaining appellee's objections to Williams's deposition and the Texas Department of Insurance's allegations. Any potential error from the trial court's sustaining appellants' objections to these exhibits is waived.

–2–

*See San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex. 1990) (per curiam) ("grounds of error not asserted by points of error or argument in the court of appeals are waived"); *Smith v. Mohawk Mills, Inc.*, 260 S.W.3d 672, 674 (Tex. App.—Dallas 2008, no pet.) (failure to raise complaint in court of appeals about trial court's ruling waives any potential error). Therefore, we consider only whether the trial court erred by striking Lawrence's affidavit and the single ledger balance report.

We review the trial court's admission or exclusion of summary judgment evidence under an abuse of discretion standard. *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.—Dallas 2007, no pet.). A trial court abuses its discretion only when it acts arbitrarily or unreasonably, that is, when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.* 701 S.W.2d 238, 241–42 (Tex. 1985); *Medicus, Ins. Co. v. Todd*, 400 S.W.3d 670, 681 (Tex. App.—Dallas 2013, no pet.) (citing *Downer*).

### Single Ledger Balance Report

Early in the litigation, the trial court signed a protective order to preserve the confidentiality of any documents marked "Confidential." The order required that any papers filed with the trial court that were marked "Confidential" be filed under seal. Attached to appellants' response to the motion for summary judgment were three pages comprising the "single ledger balance report" marked "Confidential." However, appellants did not file the report under seal. On Thursday, July 19, 2012, appellee filed its reply to appellants' response and objected to the single ledger balance report on the ground that it was marked "Confidential" but was not filed under seal as required by the protective order. The summary judgment hearing was the following Monday, July 23, 2012. At the hearing, the trial court stated the submission of the single ledger balance report was in violation of the protective order and that the report was already on the internet. Appellants stated they would file a motion to seal the single ledger

balance report "and pull it back." The court stated, "I would suggest pronto. I'm denying that motion. But that needs to be done immediately."[1] Two days later, on July 25, 2012, appellants filed a motion to seal the record including the single ledger balance report and posted the required notice for sealing the records. *See* TEX. R. CIV. P. 76a(3). Rule 76a(4) provides that a hearing on the motion to seal may not be held less than fourteen days after the filing of the motion to seal and the posting of the notice. *See* TEX. R. CIV. P. 76a(4). August 8, 2012 was the fourteenth day after the filing of the motion and posting of the notice. On August 8, 2012, the trial court signed the motion for summary judgment and sustained all of appellee's objections to appellants' summary judgment evidence, presumably including the objection to the single ledger balance report's not being filed under seal. Appellants assert that in this situation, the trial court should not have sustained the objection to the report. Nothing in the record shows appellants had requested a hearing date for the motion on or near August 8, 2012. Appellants assert that the trial court's direction to appellants to file a motion to seal constituted an oral granting of leave to cure appellee's objections. However, the trial court's written order sustained appellee's objections. The trial court's written order controls over the court's oral pronouncements. *Rapaglia v. Lugo*, 372 S.W.3d 286, 290 n.3 (Tex. App.—Dallas 2012, no pet.); *In re JDN Real Estate-McKinney L.P.*, 211 S.W.3d 907, 914 n.3 (Tex. App.—Dallas 2006, orig. proc. [mand. denied]) ("Any time there is a conflict between oral pronouncements made by a trial judge and his written order, the matters set forth in the written order control."). We conclude appellants failed to show the trial court abused its discretion.[2]

---

[1] It appears that the court, in denying "that motion," meant appellee's motion to strike the exhibit, not the motion to seal the report.

[2] Moreover, appellants cite no authority showing the trial court abused its discretion by sustaining appellee's objection to the single ledger balance report. *See* TEX. R. APP. P. 38.1(i) (brief must contain clear and concise argument for contentions made with appropriate citations to authorities). We conclude appellants have waived any error. *See Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) ("Failure to cite applicable authority or provide substantive analysis waives an issue on appeal.").

**Lawrence's Affidavit**

Appellee objected to Lawrence's affidavit as "conclusory, speculative, based exclusively on hearsay, lacks a foundation, is contradictory and makes broad, unfounded legal conclusions." The trial court sustained all of appellee's objections. In their brief, appellants argue that Lawrence's affidavit was not conclusory. However, appellants do not address the objections that the affidavit was "based exclusively on hearsay, lacks a foundation, is contradictory and makes broad, unfounded legal conclusions." "[W]hen an appellee urges several objections to a particular piece of evidence and, on appeal, the appellant complains of its exclusion on only one of those bases, the appellant has waived that issue for appeal because he has not challenged all possible grounds for the trial court's ruling that sustained the objection." *Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.). Because appellants failed to challenge all bases for the trial court's ruling, we conclude appellants have waived any error in the exclusion of Lawrence's affidavit.

We overrule appellants' second issue.

## SUMMARY JUDGMENT

In their first issue, appellants contend the trial court erred by granting appellee's no-evidence motion for summary judgment. Rule 166a(i) provides that a party "may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX. R. CIV. P. 166a(i); *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Flood*, 294 S.W.3d at 762. When analyzing a no-evidence summary judgment, "we examine the entire

record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)). A no-evidence summary judgment is improperly granted if the nonmovant presented more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985); *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.— Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.— Dallas 2000, pet. denied).

The trial court sustained appellee's objections to all of appellants' summary judgment evidence. The court's ruling meant appellants had no summary judgment evidence to support their causes of action. We conclude the trial court correctly granted appellee's no-evidence motion for summary judgment. We overrule appellants' first issue.

## MOTION FOR NEW TRIAL

In their third issue, appellants contend the trial court abused its discretion by overruling their motion for new trial asserting newly discovered evidence.

> A party seeking a new trial on grounds of newly-discovered evidence must demonstrate to the trial court that (1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted.

*Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). We review a trial court's denial of a motion for new trial for an abuse of discretion. *Id.* A movant's mere allegations will not suffice to obtain a new trial on the basis of newly discovered evidence; rather, the movant must introduce admissible evidence at a hearing on the motion for new trial establishing such essential facts as the movant's lack of prior knowledge of the newly discovered evidence, the movant's prior diligence toward discovering the evidence, and the nature of the newly discovered evidence. *Strong v. Strong*, 350 S.W.3d 759, 772 (Tex. App.—Dallas 2011, pet. denied).

The newly discovered evidence urged by appellants is the deposition testimony of Sandra Gunn taken on July 25, 2012, two days after the summary judgment hearing. Appellants stated in the motion for new trial, "Plaintiffs could not have discovered this evidence any sooner because they had no notice of the existence of the evidence before the end of the discovery period, even though they diligently used the discovery process. Plaintiffs' late discovery of evidence was not because of lack of diligence." (Citations omitted.) At the hearing on the motion for new trial, appellants did not introduce any evidence establishing lack of prior knowledge of Gunn's statements in the deposition nor any evidence establishing their prior diligence in obtaining the evidence. Nor did appellants attach an affidavit to their motion for new trial establishing their lack of prior knowledge and diligence. Appellee attached to its

–7–

response to appellants' motion for new trial excerpts from the deposition of Gunn taken by appellants in 2009 in a different suit involving the transaction at issue in this case where Gunn made many of the statements appellants assert are "newly discovered." Under these facts, the trial court could have determined appellants did not establish lack of prior knowledge of the statements or that their failure to discover the evidence timely was not due to a lack of diligence. We conclude appellants have not shown the trial court abused its discretion by denying their motion for new trial.

We overrule appellants' third issue.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
130126F.P05                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRIAN VODICKA AND STEVEN
AUBREY, Appellants

No. 05-13-00126-CV      V.

NORTH AMERICAN TITLE COMPANY,
Appellee

On Appeal from the 162nd District Court,
Dallas County, Texas
Trial Court Cause No. DC-11-01142-I.
Opinion delivered by Justice Myers.
Justices O'Neill and Brown participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

      It is **ORDERED** that appellee NORTH AMERICAN TITLE COMPANY recover its costs of this appeal from appellants BRIAN VODICKA and STEVEN AUBREY.

Judgment entered this 30th day of January, 2014.

/Lana Myers/
LANA MYERS
JUSTICE