

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00290-CV

**DAVID LEE SMITH,**

                                  **Appellant**

 **v.**

**OXY USA WTP LP, BP AMERICA PRODUCTION COMPANY, ARCO OIL AND GAS COMPANY, EXXONMOBIL CORPORATION, AND PERMIAN BASIN LP,**

                                  **Appellee**

## From the County Court at Law No 2
## Johnson County, Texas
## Trial Court No. P200719377

## MEMORANDUM OPINION

In the trial court, Appellant David Lee Smith filed third-party claims against Appellees OXY USA WTP LP, BP America Production Company, ARCO Oil and Gas Company, ExxonMobil Corp., and Permian Basin Limited Partnership. BP and ARCO filed a traditional and no-evidence motion for summary judgment on the third-party claims. ExxonMobil and Permian Basin each filed a motion to strike the third-party claims. BP and ARCO's traditional and no-evidence motion for summary judgment was granted, and all claims asserted against BP and ARCO were dismissed with prejudice. ExxonMobil's and Permian Basin's motions to strike

were also granted, and the order was without prejudice to the rights of Smith to assert the stricken claims in a separate action. Smith appeals from these interlocutory orders, maintaining that they are appealable probate orders.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "Probate proceedings are an exception to the 'one final judgment' rule." *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Not every interlocutory order in a probate case is appealable, however. The appropriate test is as follows:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* (citing *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)).

On February 19, 2014, Smith filed an Emergency Motion to Stay Summary Judgment Proceedings in the Trial Court Pending Appeal. In the motion, Smith stated that OXY has now filed a traditional and no-evidence motion for summary judgment in the trial court on the third-party claims and that OXY's motion "raises and argues virtually the same issues as those raised and argued by BP and ARCO in their Traditional and No-Evidence Motion for Summary Judgment," the granting of which is one of the interlocutory orders Smith is attempting to appeal in this case. Thus, at a minimum, the several orders Smith is appealing do not dispose of all the parties to the proceeding of which the orders may logically be considered a part; therefore, we do not have jurisdiction of this appeal. *See id.*

On March 5, 2014, the Clerk of this Court notified Smith that his Emergency Motion to Stay Summary Judgment Proceedings in the Trial Court Pending Appeal was denied by the Court and that this appeal was subject to dismissal for want of jurisdiction unless, within

fourteen days from the date of the letter, a response was filed showing grounds for continuing the appeal. On March 10, 2014, Smith filed his Response Showing Grounds for Continuing the Appeal.

Smith argues that, in addition to granting ExxonMobil's and Permian Basin's motions to strike the third-party claims, the trial court also granted OXY's motion to strike the third-party claims, striking all claims asserted against OXY without prejudice. Smith claims that OXY's traditional and no-evidence summary judgment motion currently pending in the trial court is therefore "nothing more than an out-of-time attempt to obtain a dismissal **with prejudice**" of the third-party claims. The record in this case, however, does not indicate that OXY ever moved to strike the third-party claims against it, and the record does not include an order striking the claims against OXY. Smith states that the trial judge nevertheless stated "at oral argument" that he was striking all claims asserted against OXY, but we have no reporter's record before us,[1] and the law is clear that a written order controls over a trial court's oral pronouncement. *Rapaglia v. Lugo*, 372 S.W.3d 286, 290 n.3 (Tex. App.—Dallas 2012, no pet.). The written orders grant only ExxonMobil's and Permian Basin's motions to strike the third-party claims.

Because Smith has not shown grounds for continuing this appeal, the appeal is dismissed for want of jurisdiction.[2] *See* TEX. R. APP. P. 42.3(a).


REX D. DAVIS
Justice

---

[1] Smith stated in his docketing statement that no reporter's record was necessary to decide the issues on appeal.

[2] Smith states that if we dismiss his appeal, or any part thereof, for want of jurisdiction, he requests issuance of a writ of mandamus and/or prohibition against the trial judge pursuant to section 22.221 of the Government Code. Such extraordinary relief is appropriate only in an original proceeding. *See* TEX. R. APP. P. 52.

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal dismissed
Opinion delivered and filed March 27, 2014
[CV06]