**Order issued June 13, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-16-00810-CV

———————————————

## DR. MICHAEL (MIKHAIL) TYURIN, Appellant

## V.

## CAPITAL ONE, N.A., DAVID WALTON, BANK OF AMERICA, N.A., MATTHEW D. DURHAM, SYNCHRONY BANK, AND CITIBANK, N.A., Appellees

---

### On Appeal from the 234th District Court
### Harris County, Texas
### Trial Court Case No. 2016-45823

---

### MEMORANDUM ORDER

Appellant, Dr. Michael (Mikhail) Tyurin, proceeding pro se, has filed a notice

of appeal of the trial court's December 12, 2016 order declaring him a vexatious

litigant; prohibiting him from filing any new litigation against appellees, Capital

One, N.A. and David A Walton (collectively "Capital One"), without a prefiling order[1]; and ordering that Tyurin take nothing on his claims against Capital One.[2] Capital One has filed a motion to strike Tyurin's February 23, 2017 brief and dismiss the appeal.

We dismiss the appeal as to Capital One.[3]

On January 9, 2017, Tyurin submitted a brief relating to his appeal of the trial court's orders. We notified Tyurin that his brief did not comply with the requirements of Texas Rule of Appellate Procedure 38.1, which governs the contents and organization of an appellant's brief, struck the brief, and directed him to file a compliant brief.

After Tyurin filed a second brief on February 23, 2017, Capital One filed a motion to strike that brief and dismiss the appeal, asserting that the substance of Tyurin's brief "is substantially the same as the stricken January 9 Brief" and "is still

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (Vernon 2017) (providing for entry of "order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies . . . without permission of the appropriate local administrative judge" when trial court finds person "a vexatious litigant"), (c) (providing person may appeal from prefiling order designating person vexatious litigant).

[2] *See* TEX. R. CIV. P. 91(a) (providing trial court may dismiss claim on ground claim has no basis in law or fact, or both).

[3] On May 10, 2017, Tyurin filed separate notices of appeal of the trial court's orders dismissing his claims against appellees Bank of America, N.A. and Matthew D. Durham, and granting appellees Synchrony Bank's and Citibank, N.A.'s summary judgment motions and ordering that Tyurin take nothing on his claims against them.

not compliant with rule 38.1." In response, Tyurin filed an "Objection to Appellees' 'Motion to Strike Appellant's Brief and Dismiss Appeal,'" asserting, in part, that his second brief "contain[s] a succinct, clear, and accurate statement of the arguments made in the body of the brief," "the required 'record references,'" and "a clear and concise argument for the contentions made, with appropriate citations to authorities and the record." (Internal quotations omitted.)

"An appellate brief is 'meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case . . . .'" *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (quoting TEX. R. APP. P. 38.9). The Texas Rules of Appellate Procedure, therefore, "have specific requirements for briefing that require, among other things, that an appellant provide a statement of facts, which includes references to the record, and an argument that is clear and concise with appropriate citations to authorities and the record." *Holz v. U.S. Corp.*, No. 05-13-01241-CV, 2014 WL 6555024, at *1 (Tex. App.—Dallas Oct. 23, 2014, no pet.) (mem. op.) (citing TEX. R. APP. P. 38.1(g), (i)). And, a brief must state concisely the issues presented for review. TEX. R. APP. P. 38.1(f). "An issue presented for appellate review is sufficient if it directs the reviewing court's attention to the error about which the complaint is made." *Canton–Carter v. Baylor Coll. of Med.,* 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing

TEX. R. APP. P. 38.1(f)). An appellant should also explain how the law in the cited authorities applies to the facts of the case and supports the appellant's arguments on appeal. *See Hernandez v. Hernandez,* 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010, no pet.) (citations omitted); *San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citations omitted).

When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to legal authorities, it is not this Court's duty to research the law that may support appellant's contentions or review the appellate record for facts to support those contentions. *See Canton–Carter*, 271 S.W.3d at 931–32. Although we construe an appellate brief liberally, a party proceeding pro se must comply with all applicable procedural rules. *Green v. Midland Mortg. Co.*, 342 S.W.3d 686, 692 n.7 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Harris v. Showcase Chevrolet,* 231 S.W.3d 559, 561 (Tex. App.—Dallas 2007, no pet.)). A pro se litigant is "not exempt from the rules of procedure." *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)).

Tyurin's brief does not provide a concise statement of the issues presented for review; a concise statement, without argument, of the facts pertinent to the issues presented; a succinct and clear summary of his arguments on appeal; or "a clear and concise argument for the contentions made, with appropriate citations to authorities

4

and to the record." *See* TEX. R. APP. P. 38.1(f), (g), (h), (i). Although purporting to challenge the trial court's December 12, 2016 order, Tyurin does not develop any arguments to set aside that order, support his arguments with citations to the trial court record, or explain how cited legal authority applies "to the purported issues on appeal—that is, whether the trial court erred in finding Tyurin a vexatious litigant or dismissing Tyurin's claims against [Capitol One]." *See, e.g.*, *Jones v. Shipley*, 508 S.W.3d 766, 768 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (discussing appellate court's review of dismissal of claims under Texas Rule of Civil Procedure 91a); *Jones v. Markel*, No. 14-14-00216-CV, 2015 WL 3878261, at *2 (Tex. App.—Houston [14th Dist.] June 23, 2015, pet. denied) (mem. op.) (discussing appellate court's review of vexatious litigant determination). In sum, appellant has not corrected the deficiencies in his brief as directed in this Court's order and has not provided a brief that complies with rule 38.1.

When as here, an appellant files a brief that does not comply with the rules and then files an amended brief that also does not comply, "the court may strike the brief, prohibit the [appellant] from filing another, and proceed as if the [appellant] had failed to file a brief." TEX. R. APP. P. 38.9(a); *see Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex. App.—Amarillo 2000, no pet.) (citing *Inpetco, Inc. v. Tex. Am. Bank/Hous., N.A.*, 729 S.W.2d 300 (Tex. 1987)). When an appellant fails to file a brief, we may dismiss his appeal for want of prosecution. *See* TEX. R. APP. P.

38.8(a)(1). Accordingly, we grant Capital One's motion, strike Tyurin's Brief on the Merits, filed on February 23, 2017, and dismiss the appeal as to Capitol One, N.A. and David A. Walton for want of prosecution. *See* TEX. R. APP. P. 42.3(b), 43.2(f). We dismiss as moot Tyurin's motion to strike Capitol's One's motion to strike appellant's brief and dismiss the appeal, Tyurin's motion to allow a brief exceeding the page limits, and Capitol One's motion for an extension of time to file an appellee's brief.

Tyurin's appeal as to Bank of America, N.A., Matthew D. Durham, Synchrony Bank, and Citibank, N.A. remains pending. This interlocutory order will become final when a judgment is issued in this cause number.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.